**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DUSTIN LEE LUND,**

**Plaintiff,**

v.                                                    **CASE NO. 23-3184-JWL**

**LOU MILLER, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This matter is a *pro se* action under 42 U.S.C. § 1983.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 6) ("MOSC").  Before the Court for initial screening is Plaintiff's Amended Complaint (Doc. 7) filed in response to the MOSC.

**I.  Nature of the Matter before the Court**

Plaintiff is a state prisoner currently incarcerated at the Oswego Correctional Facility in Oswego, Kansas.  He was granted leave to proceed *in forma pauperis*.

Plaintiff's Amended Complaint alleges that his constitutional rights were violated as a result of exposure to black mold and inadequate health care.  Plaintiff states that he was exposed to black mold when he was "farmed out" from Saline County to the Ottawa County Jail ("OCJ") from August of 2022 until April of 2023.  There was black mold in the showers and on the walls in the pods around the showers extending 10 to 15 feet away from the showers.  Plaintiff's bunk was located next to the showers for a portion of his time at the OCJ.  Every Friday when he was

1

housed in B Pod, Plaintiff was provided with bleach and ammonia water to clean the showers.  He was not given a mask or any warning about the dangers of mixing bleach and ammonia.

Plaintiff alleges that he began to have issues with his lungs and breathing in November of 2022.  He was wheezing, coughing up mucus, and having a hard time breathing.  He was seen repeatedly by nurses for the Saline County Jail ("SCJ").  Each time, Plaintiff says he was told that they would talk to Lou Miller because it was her decision what action to take.  Plaintiff asked to be seen by Ms. Miller but was denied.  After several sick calls, SCJ medical staff removed Plaintiff from the OCJ in April of 2023.  Plaintiff was told that they thought his lung problems had something to do with his living environment at the OCJ.

Plaintiff claims that he and other inmates complained about the mold to Ottawa County Sheriff Thornton and filed grievances, but no action was taken until May or June of 2023, when the OCJ was shut down for a time and all Saline County inmates were removed because of the black mold.

Plaintiff states that he continues to have issues with his lungs and breathing.  KDOC medical personnel have prescribed two inhalers and an oral medication.

Plaintiff names as defendants Lou Miller, APRN at the Saline County Jail, employed by Advanced Correctional Services; and Russell Thornton, Sheriff of Ottawa County, Kansas.  He claims violation of his rights under the Fourteenth and Eighth Amendments and seeks relief in the form of compensatory damages for past and present medical expenses and $250,000 in punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary

dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Additional Information Needed

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of Saline and Ottawa Counties. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report.  Once the Report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)     The OCJ and SCJ officials shall submit the *Martinez* Report by **November 6, 2023**. Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint.  If the Amended Complaint survives screening, the Court will enter a separate order for service.

(2)     Officials responsible for the operation of the OCJ and SCJ are directed to undertake a review of the subject matter of the Amended Complaint:

a.      To ascertain the facts and circumstances;

b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(3)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the OCJ and SCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The OCJ and SCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4)  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)  Authorization is granted to the officials of the OCJ and the SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)  No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Saline County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the Saline County Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Saline County Sheriff, to the Ottawa County Sheriff, and to the Saline and Ottawa County Attorneys.

**IT IS SO ORDERED.**

**Dated October 4, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**